**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**FRANCES RENEE PERRY/MILLER
ADC # 708998**                                                                          **PLAINTIFF**

**V.**                 **CASE NO. 1:09CV00064 BSM/BD**

**LARRY NORRIS,** *et al.*                                                  **DEFENDANTS**

**ORDER**

On November 30, 2009, Plaintiff brought this action under 42 U.S.C. § 1983 (docket entry #1). Upon review of the record, the Court notes that Plaintiff has not filed a motion to proceed *in forma pauperis* or paid the statutory filing fee.

The statutory filing fee for a complaint under 42 U.S.C. § 1983 is $350.00. Under the Prison Litigation Reform Act ("PLRA"), a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the $350.00 statutory filing fee. 28 U.S.C. §1915(b)(1). The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998).

The PLRA requires that Plaintiff submit a proper and complete application to proceed *in forma pauperis*, along with a calculation sheet, prepared and signed by an authorized officer of the correctional facility where he is being held. Based on information contained in the application and calculation sheet, the Court will assess an initial, partial filing fee if sufficient funds exist and will direct the future collection of monthly installment payments until the filing fee is paid in full. 28 U.S.C § 1915(b)(1)-

(2). If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350.00 filing fee will be collected, and no portion of this filing fee will be refunded to the prisoner.

If Plaintiff wishes to proceed with this action, she must file an application to proceed *in forma pauperis,* or pay the filing fee of $350.00, within thirty (30) days of the entry date of this Order. The Clerk of Court is directed to forward Plaintiff an *in forma pauperis* application, along with a copy of this Order. Failure to comply with this Order may result in dismissal of this case without prejudice under Local Rule 5.5(c)(2).

In addition to filing an application to proceed *in forma pauperis* or paying the filing fee, Plaintiff must file an amended complaint. Her present complaint does not provide the basis for a claim against any of the named Defendants.

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983. The Court must accept the factual allegations in the complaint as true and hold a plaintiff's pro se complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). Even so, a plaintiff must plead facts with enough specificity so as "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955,

1965 (2007)(citations omitted).  A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id*. at 1968 (citation omitted).  Rather, the facts set forth in the complaint must be sufficient to "nudge the[ ] claims across the line from conceivable to plausible." *Id.* at 1974.  At this point, Plaintiff has failed to state a claim upon which relief can be granted.

In the complaint, Plaintiff appears to allege that the Defendants violated her right to Due Process by keeping her in punitive isolation for three years.  To prevail on a due process claim, Plaintiff must demonstrate that she was deprived of life, liberty or property by government action.  *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003).  The only cognizable interest claimed in this case is a liberty interest.

Plaintiff's liberty interest is limited to freedom from restraint which imposes atypical and significant hardship in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 483-486, 115 S.Ct. 2293 (1995).  Plaintiff alleges that her placement in isolation violated this interest.  The Eighth Circuit, however, has consistently held that administrative and disciplinary segregation are not the kind of "atypical and significant" deprivations that create a liberty interest under *Sandin*.  See, *e.g.*, *Philllips*, 320 F.3d at 847-848.

In order for Plaintiff to assert a liberty interest, she must specifically allege a difference between her conditions in segregation and the conditions in the general population which amounts to an atypical and significant hardship. *Id.*  She must also

3

specifically describe how the named Defendants are responsible for the alleged deprivation.

Plaintiff must file an amended complaint within thirty (30) days of the entry date of this Order. She is again cautioned that failure to comply with court orders can result in dismissal of this case without prejudice under Local Rule 5.5(c)(2).

IT IS SO ORDERED this 2nd day of December, 2009.

_____
UNITED STATES MAGISTRATE JUDGE